UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| SHARON ANZALDI,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, *Warden*,<br><br>    Respondent. | CIVIL ACTION NO. 5:14-CV-189-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

**\*\*\* \*\*\* \*\*\***

Sharon Anzaldi is an inmate currently confined in the Satellite Camp located on the campus of the Federal Medical Center ("FMC")-Lexington, which is located in Lexington, Kentucky. Proceeding without counsel, Anzladi has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 [R. 1], challenging on various constitutional grounds her recent federal conviction and 63-month sentence.[1] Anzaldi has paid the $5.00 filing fee. [*Id.*]

The Court screens her petition to determine whether she is entitled to relief under § 2241. *See* Rule 4, Rules Governing 28 U.S.C. § 2254 Cases; (applicable to § 2241 petitions under Rule 1(b))*; see also* 28 U.S.C. § 2243. A district court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001). Because Anzaldi's

---

[1] Anzaldi originally filed her habeas petition on April 14, 2014, in the United States District Court for the District of Columbia. *See Sharon Anzaldi v. Francisco Quintant [sic], Warden*, No. 1:14-CV-00656-ESH (D.D.C. 2014). On April 24, 2014, that court transferred Anzaldi's § 2241 petition to this district, stating that § 2241 petitions must be filed in the federal court with territorial jurisdiction over the petitioner's immediate custodian, and that Anzaldi's custodian is the Warden of FMC-Lexington, which is located in this judicial district. *See* Memorandum and Opinion, and Order, [R. 2 and R. 3]. The actual transfer here was not electronically effectuated until May 16, 2014.

   Additionally, the Warden of FMC-Lexington is Francisco *Quintana*, not "Quintant" as listed in Anzaldi's § 2241 petition. The Clerk of the Court will be instructed to correct the spelling of the Respondent's name in the case caption to Francisco *Quintana*, not "Quintant."

habeas petition is premature, she is not entitled to relief under § 2241, and the Court will therefore deny her habeas petition and dismiss this proceeding without prejudice.

## BACKGROUND

On June 10, 2013, a federal jury in Chicago, Illinois found Anzaldi and two co-defendants guilty of one count of Conspiracy to Defraud the Government in violation of 18 U.S.C. § 286, and of ten counts of submitting a False, Fictitious, and Fraudulent Claim in violation of 18 U.S.C. § 287. *See United States v. Sharon Anzaldi*, No. 1:11-CR-820 (N. D. Ill. 2011) [R. 139, therein] On January 14, 2014, Anzaldi was sentenced to a 63-month prison term, plus a 3-year term of supervised release. [R. 218, therein] On January 30, 2014, Anzaldi and her co-defendants filed a Notice of Appeal of their convictions [R. 223, therein], and that appeal is currently pending in the United States Court of Appeal for the Seventh Circuit as *United states v. Sharon Anzaldi, et al.*, Case No. 14-1206.

The docket sheet in Anzaldi's appellate case reveals that a briefing schedule was established on March 13, 2014, pursuant to which Anzaldi must file her brief on July 11, 2014; the United States must file its brief on or before August 11, 2014; and Anzaldi must file any reply brief on or before August 25, 2014. [R. 13-1, therein]

On February 18, 2014, while the direct appeal of her convictions and sentence was pending, Anzaldi filed a motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, and a motion seeking the appointment of counsel. *United States v. Sharon Anzaldi*, No. 1:14-CV-1317-HLW (N. D. Ill., 2014) [R. 1; R. 3, therein] Anzaldi's § 2255 motion is currently pending in Illinois, but no further activity has ensued in that proceeding since Anzaldi filed it on February 18, 2014.

As noted, Anzaldi filed this § 2241 proceeding in federal court in the District of Columbia on April 14, 2014, challenging her recent convictions and sentence under the Fourth, Fifth and Sixth Amendments of the U.S. Constitution. Her claims include, but are

2

not limited to, allegations that she was unlawfully searched, seized, and arrested; that that indictment issued by the grand jury was defective and illegal; that at trial, the government presented evidence against her that was obtained pursuant to an invalid search; that her trial counsel rendered ineffective assistance of counsel; that the district court committed numerous errors during her criminal proceeding; and that her appellate counsel has not filed a brief on her behalf. [R. 1, pp. 1-9]

Anzaldi acknowledges that the direct appeal of her convictions is currently "pending for decision" in the Seventh Circuit. *See* Petition [R. 1, p. 2]. She further claims that her remedy under § 2255 is inadequate and ineffective to challenge her federal detention because the district judge who presided over her criminal proceeding (Hon. Harry D. Leinenweber) committed reversible error in numerous instances; was biased and prejudiced against her; and should have recused himself because of a conflict of interest. [*Id.*, p. 5]

## DISCUSSION

Anzaldi's § 2241 petition is premature. Anzaldi is challenging the legality of her underlying criminal convictions and sentence, claiming that prior to and during her criminal proceeding, her various constitutional rights were violated. But § 2241 is not the mechanism for asserting such constitutional challenges: 28 U.S.C. § 2255(a) provides the correct mechanism for a federal prisoner to challenge his conviction or sentence. *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Section § 2255 is the mechanism for collaterally challenging errors that occurred "at or prior to sentencing." *Eaves v. United States*, No. 4:10–CV–36, 2010 WL 3283018, at *6 (E.D. Tenn. Aug. 17, 2010). A petitioner may challenge the legality of his conviction through a § 2241 petition *only* where his or her remedy under Section 2255 "is inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255(e).

3

At this stage, it is entirely premature for Anzaldi to pursue any claims under § 41 because her direct criminal appeal is currently pending. Moreover, because the direct appeal of her criminal conviction and sentence is currently pending in the Seventh Circuit Court of Appeals, Anzaldi's § 2255 motion is also premature, although it will be the eventual responsibility of that district court to address this issue in Anzaldi's pending § 2255 proceeding. But Anzaldi is advised that absent extraordinary circumstances, a district court cannot entertain a collateral challenge brought under § 2255 while the direct appeal of a defendant's criminal conviction is pending. *Smith v. United States*, 89 F.3d 835 (6th Cir. 1996) (unpublished) (noting that the "well established general rule is that, absent extraordinary circumstances, the district court should not consider § 2255 motions while a direct appeal is pending.") (quoting *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993)); *Sargent v. United States*, 19 F.3d 1434, 1994 WL 83324, at *1 (6th Cir. March 15, 1994) (Table) (holding that district court properly denied the petitioner's § 2255 motion as premature where his appeal was pending when he filed his § 2255 motion).

This Court has recently rejected as premature a § 2241 petition filed under similar circumstances. In *Heard v. Withers*, No.5:13-107-KKC, 2013 WL 3984514 (E.D. Ky. Aug. 2, 2013), a federal prisoner filed a § 2241 petition in this Court, seeking relief from his Kentucky federal convictions at the same time his direct appeal of those convictions was pending before the Sixth Circuit Court of Appeals. [*Id.*, at *1-*2] The undersigned denied Heard's § 2241 petition as premature, adhering to the concepts set forth in *Smith* that absent extraordinary circumstances, a federal prisoner must first complete the direct appeal process, and then, if necessary, file a motion seeking relief under § 2255 in the district court where he was convicted, but that a challenge brought under § 2255 while a direct appeal of a criminal conviction is pending cannot be entertained. *Heard*, 2013 WL 3984514, at *2.

In another similar case filed in this Court, *Denton v. U.S. Atty. Gen.*, No. 6:12-CV-219-DCR, 2012 WL 5450034, at *1 (E.D. Ky. Nov. 7, 2012), the prisoner filed a § 2241 petition in this Court, seeking relief from his various Alabama federal convictions at the same time his direct appeal of those convictions was pending before the Eleventh Circuit Court of Appeals. [*Id.*, at *1] Judge Danny C. Reeves denied Denton's § 2241 petition as premature, stating:

> Here, Denton's convictions are being challenged on direct appeal, making even a motion for relief under § 2255 premature.
> . . . .
> In summary, Denton must complete the appellate process before seeking relief via § 2255, a step he must take before he may make even a colorable argument for the availability of a remedy under § 2241. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *White v. Grondolsky*, No. 6: 06–309–DCR, 2006 WL 2385358, at *3 (E.D.Ky. Aug. 17, 2006).

*Denton*, 2012 WL 5450034, at *1.

Anzaldi's case is in the same procedural posture as Petitioner Heard's case was in August 2013, and as Denton's case was in November 2012. Like Petitioners Heard and Denton, Anzaldi must first complete the appellate process in the Seventh Circuit as to her criminal convictions, and pursue her various constitutional claims in *that* proceeding. If dissatisfied there, Anzaldi may then collaterally challenge her conviction and sentence by filing a timely motion in the district court where she was sentenced (the Northern District of Illinois), seeking relief under 28 U.S.C. § 2255. Only after Anzaldi exhausts both of those avenues of relief may she petition a district court for extraordinary relief under § 2241. Even then, the circumstances under which relief can be granted under §2241 are *extremely* limited.[2]

---

[2] Typically, to prevail under § 2241, a petitioner can demonstrate that the under § 2255 was inadequate and ineffective to challenge his or her detention only where, after his or her conviction has become final, the Supreme Court has re-interpreted the terms of the statute which he or she convicted of violating in such a way that his or her actions could not be considered as violating the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Clerk of the Court shall **CORRECT** the spelling of the Respondent's name in the case caption to: Francisco *Quintana*, not "Quintant."

(2) Sharon Anzaldi's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus [R. 1] is **DENIED** as **PREMATURE**.

(3) This action is **DISMISSED WITHOUT PREJUDICE** to Anzaldi's right to assert the same constitutional claims in her pending criminal appeal, Seventh Circuit Court of Appeals as Case No. 14-1206, or, if appropriate, in the district court where she was convicted and sentenced.

(4) Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent, Francisco Quintana, Warden of Satellite Camp located on the campus of FMC-Lexington.

(5) The Clerk of this Court shall transmit a copy of this Memorandum Opinion and Order to the Clerk of the United States District Court for the Northern District of Illinois (at Chicago), referencing *United States v. Sharon Anzaldi*, Case No. 1:14-CV-01317-HDW (N. D. Ill. 2014).

This May 27, 2014.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY